

**SIGNED THIS 4th day of March, 2019**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

In re:                                              Case No.: 18-60687
    MEMCO, INC.,                            Chapter 7

    The Debtor.

_____

ANTHONY WATERS, IVAN
TORRES-CRUZ, DEAMOND
ROBINSON, and JOHN LUTLEY,

    Movants,

v.

MEMCO, Inc.,

    Respondent/Debtor,

and

HANNAH W. HUTMAN,

    Chapter 7 Trustee.
_____

**ORDER APPROVING AGREEMENT TO MODIFY AUTOMATIC STAY**

1

Movants, ANTHONY WATERS, IVAN TORRES-CRUZ, DEAMOND ROBINSON, and JOHN LUTLEY, through counsel, have filed a motion for approval of their agreement with the Debtor and Chapter 7 Trustee to allow relief from the automatic stay of 11 U.S.C. § 362, and served the motion upon the debtor, counsel for the Debtor, and the Trustee. The proposed agreement of the parties is to modify the automatic stay of 11 U.S.C. § 362 to allow Movants to file and pursue certain personal injury claims based in state law seeking monetary recovery for these claims exclusively against the Debtor's insurers: First Mercury Insurance Company; AXIS Surplus Insurance Company; American Interstate Insurance Company; and Selective Insurance Company of America (collectively, the "Insurers"), with the understanding that the Movants may name the Debtor as a defendant in any civil action solely to trigger coverage of the Movants' personal injury claims by the Insurers; however, under no circumstance may the Movants pursue the Debtor *in personam* for collection of any judgment ultimately obtained or amounts ultimately awarded to any of the Movants for their respective pre-petition personal injury claims. The Court, having considered the motion, the debtors' schedules, and the consent to granting the motion by the Debtor and the Chapter 7 Trustee, as is evidenced by the endorsement of this order by counsel to the Debtor and the Chapter 7 Trustee, and the entire record in this matter, finds that adequate cause exists to modify the automatic stay so that Movants may pursue collection of their respective claims exclusively against the Insurers. Accordingly, it is hereby

ADJUDGED, ORDERED, and DECREED

That the aforesaid agreement is approved, and that the automatic stay of 11 U.S.C. § 362 be and it hereby is terminated as to the rights of ANTHONY WATERS, IVAN TORRES-CRUZ, DEAMOND ROBINSON, and JOHN LUTLEY, with respect to (i) commencing an action in a court of competent jurisdiction asserting state-law claims for personal injury against the Debtor,

2

in name only, for the sole purpose of establishing the liability of the Debtor for the Movants' personal injuries so that the Movants may recover available insurance proceeds; (ii) pursuing recovery or collection exclusively from the Insurers of any judgment or amounts ultimately awarded to any of the Movants; and (iii) without limiting the generality of the foregoing, the automatic stay remains in full force and effect to enjoin Movants from commencing any legal process to enforce collection from the Debtor, *in personam*, of any judgment or amounts ultimately awarded to any of the Movants.

The 14 day stay generally applicable under Federal Rule of Bankruptcy Procedure 4001(a)(3) does not apply to this order. Movants may immediately proceed with the acts expressly permitted above.

The Court's CM/ECF system will serve copies of this order upon counsel for the parties hereto, and no further service of this order is necessary.

--- END OF ORDER ---

WE ASK FOR THIS:

 /s/ Paul J. Feinman
Paul J. Feinman,
Attorney for Movants


 /s/ Bennett A. Brown   (signed with permission granted by email dated 2/26/2019)
Bennett A. Brown,
Attorney for Debtor

SEEN:


 /s/ Hannah W. Hutman   (signed with permission granted by email dated 2/27/2019)
Hannah W. Hutman, Trustee

3